UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DENNIS AVERY, *et al.*, on behalf of
themselves and all others similarly situated,

          Plaintiffs,

vs.                                             Case No. 8:02-CV-2238-T-27-MAP

UNIROYAL TECHNOLOGY
CORPORATION, INC., *et al.*,

          Defendants.
_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

**BEFORE THE COURT** is the Individual Defendants' Motion for Reconsideration of and to Amend or Modify the Order Granting Class Certification (Dkt. 147) and Plaintiffs' Opposition (Dkt. 150). Upon consideration, Individual Defendants' Motion for Reconsideration is GRANTED as to the definition of the class and DENIED in all other respects.

Absent an intervening change in controlling law, the availability of new evidence or the need to correct clear error or prevent manifest injustice, a motion to reconsider is appropriately denied. *Edwards v. Safeguard Ins. Co.*, 2004 WL 2203483 (M.D. Fla. Feb. 19, 2004)(citing *Sussman v. Salem, Saxon, & Nielsen, P.A.*, 153 F.R.D. 689, 695 (M.D. Fla. 1994). This principle is particularly applicable where, as here, the Individual Defendants merely re-argue matters previously addressed by this Court's Order granting class certification. As to the Individual Defendants' contention that this Court failed to address issues concerning the existence of fundamental antagonistic interests, the applicability of the "fraud on the market" theory of reliance and the statute of limitations defense,

the motion is DENIED.[1]

The Individual Defendants also raise an argument challenging the definition of the certified class, an argument never before presented to the Court, notwithstanding that the description of the defined class in the Court's order was expressly requested in Plaintiffs' Motion for Class Certification. (*See* Dkt. 111). Despite the Defendants' belated objection, and notwithstanding that the class definition is, as worded, accurate, to avoid any potential confusion, the class definition will be modified as follows:

> ALL FORMER STERLING SHAREHOLDERS AND THE FORMER HOLDERS OF STERLING OPTIONS AND WARRANTS, WHO ACQUIRED UNIROYAL COMMON STOCK, PURSUANT TO THE PRIVATE PLACEMENT MEMORANDUM AND PROXY STATEMENT IN CONNECTION WITH THE CLOSING OF THE MERGER AGREEMENT, EXCEPT DEFENDANTS, MEMBERS OF THE IMMEDIATE FAMILIES OF THE DEFENDANTS AND ANY AFFILIATE OF ANY DEFENDANT.

In all other respects, the Individual Defendants' motion for reconsideration (Dkt. 147) is DENIED.

**DONE AND ORDERED** in chambers this 17th day of August, 2005.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record

---

[1] In their motion, Individual Defendants inexplicably argue that "[i]n its Order, this Court failed to address a number of issues that the Individual Defendants raised in opposition to class certification, including the existence of fundamental antagonistic interests between members of Plaintiffs' proposed class, the inapplicability of the 'fraud on the market' theory of reliance and the statute of limitations bar against potential claims by approximately half of the proposed class." (Dkt. 147 at p. 1). Contrary to this argument, this Court's order expressly addressed each of those issues. (*See* Dkt. 146 at pp. 9-10 (statute of limitations), pp. 12-13 (antagonistic interests) and pp. 13-17 (fraud on the market)). For counsel to suggest otherwise is, at best, disingenuous.